CHARLES BALLANCE, appellant, *v.* ISAAC UNDERHILL *et al.*, appellees.

*Appeal from Peoria.*

All lands embraced within the limits of any incorporated town are expressly excepted from the operation of the pre-emption law of 1838.

BILL for an injunction in the Peoria Circuit Court, at the March special term 1844, the Hon. John D. Caton presiding.

The facts alleged in the bill are substantially as follow: The appellant claims to have been in the long possession and occupancy of the South East fractional quarter of section nine (9), in township eight (8) north, range eight (8) east of the fourth principal meridian, previous to the passage of the pre-emption law of 1838, and that he had complied with all the requisites of that law for obtaining a pre-emption thereto, and made the necessary proof before the land officers to establish his right, but that they would not permit him to enter the land, because one John L. Bogardus had previously entered it under the provisions of the pre-emption law of April 5, 1832, that on the 15th day of November, 1837, Isaac Underhill and Lewis Bigelow entered said land in the name of said Bogardus by the filing of false affidavits, which they knew to be false; that said Bogardus was not an actual settler and housekeeper on said tract of land on the 5th day of April, 1832, and that he had not resided on it since the year 1829; that, when said entry was made, he was residing in the city of New York, and knew nothing of said transactions and had no interest in them; that, when Bogardus was in possession of said land, he was the tenant of one Jaques Mette, which fact was known to Underhill and Bigelow when they entered said land. After the entry by said Underhill and Bigelow in the name of said Bogardus, they commenced three actions of ejectment against the complainant in this bill, for parcels of said land, and after this said Bigelow died, leaving the other defendants in this case his heirs at law.

The prayer of the bill was for an injunction and general relief.   A plea of former recovery was filed to so much of the bill as sets up any right in the complainant, except the right claimed under the pre-emption Act of 1838, setting forth the proceedings had, and decrees made in the Circuit Court and in this Court, in a case between the same parties, reported in 3 Scammon, at page 453.   To so much of the bill as related to the right claimed under the pre-emption Act of 1838, the defendants filed their demurrer.   The Court below held the plea to be sufficient, and also sustained the demurrer.   The complainant refusing to reply to the plea, and declining to amend his bill, it was dismissed at his costs, and the injunction dissolved.   From these decisions, the complainant appealed to this Court.

*C. Ballance, pro se,* cited *Bruner* v. *Manlove,* 3 Scam. 340; *Isaacs* v. *Steel,* Ib. 97; *Frisby* v. *Ballance,* 4 do. 399.

*N. H. Purple, E. N. Powell & W. F. Bryan,* for the appellees.

The Opinion of the Court was delivered by

TREAT, J.*   This was a bill in chancery filed for the purpose of obtaining an injunction to restrain the defendants from taking possession of a portion of the South East fractional quarter of section nine (9), in township eight (8) north, range eight (8) east of the fourth principal meridian, to recover a part of which portion, they had instituted actions of ejectment, and threatened to proceed for the residue.   The bill sets forth the legal title of the defendants substantially as stated in the bill in the case between the same parties, reported in 3 Scam. 453, and avers that their title was obtained by fraud, and in violation of complainant's rights.   It then proceeds to charge, that complainant was entitled to a pre-emption to the land, under the Act of Congress of the 22d day of June, 1838; that he made the necessary proof to the land

---

*LOCKWOOD, J. did not hear the argument in this cause, and gave no opinion.

Ballance *v.* Underhill *et al.*

office on the 20th day of June, 1840, but that the land officers refused his application, on the ground that it had been already entered by one Bogardus under the pre-emption law of 1832.

To so much of the bill as sets up any right in the complainant, except the right claimed under the pre-emption Act of 1838, the defendants filed a plea of former recovery, setting forth the proceedings and decrees had in the Circuit Court and in this Court in the case before referred to; and to the balance of the bill not answered by the plea, the defendants filed a demurrer. The plea was set down for hearing by the complainant, and the Court held it to be sufficient. The Court also sustained the demurrer to the residue of the bill. The complainant refusing to reply to the plea, and declining to amend his bill, the Court dismissed the bill at the complainant's costs, and dissolved the injunction, which had previously been granted, from which decision the complainant has taken an appeal.

The errors assigned question the propriety of the decision of the Court, in sustaining the demurrer, in dissolving the injunction, in denying relief to the complainant, and in dismissing the bill.

As all of the allegations of the bill are disposed of by the plea, the sufficiency of which is not questioned, except those which set up a right of pre-emption in the complainant under the law of 1838, it is only necessary to inquire whether that part of the bill shows that the complainant is entitled to the relief sought. Without inquiring into the question, whether the Court might, in a suit of this character, go behind the purchase of Bogardus and determine whether he was really entitled to a pre-emption under the Act of 1832, it is very clear that the complainant could not be entitled to a pre-emption to the land in question, under the law of 1838. All lands embraced within the limits of any incorporated town, are expressly excepted from the operation of the pre-emption law of 1838. Land Laws, 574. And by an Act of the General Assembly of this State, approved Feb. 21, 1837, the town of Peoria was incorporated, within the corporate limits of which town, as shown by the complainant's bill, are embraced the premises in question. Private Acts of 1837, 65. This, then,

is conclusive against the right of the complainant to a preemption under the Act of 1838, without which, there is not a pretence but the demurrer should have been sustained. The dissolution of the injunction, the denial of relief, and the dismissal of the bill followed as a matter of course.

The decree of the Circuit Court is affirmed with costs.*

*Decree affirmed.*

---

*A petition for a re-hearing was filed by the appellant, which was denied.